IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-442-DGK, |
| | ) | No. 4:25-cv-504-DGK |
| | ) | No. 4:25-cv-505-DGK |
| | ) | No. 4:25-cv-508-DGK |
| J.L.E.T. ENTERPRISES SWF, LLC, | ) | |
| J.L.E.T. ENTERPRISES, LLC, | ) | |
| PAWS ON THE PAVEMENT, LLC, | ) | |
| K2PEACH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO CONSOLIDATE FOR DISCOVERY AND PRETRIAL ONLY

These are disputes between a franchisor and some of its franchisees. Plaintiff Three Dog Bakery entered into franchise agreements with Defendants J.L.E.T. Enterprises SWF, LLC; J.L.E.T. Enterprises, LLC; Paws on the Pavement, LLC; K2Peach, Inc.; and the natural persons who manage these business entities. The agreements, which were independent but substantially identical transactions, authorized the Defendants each to establish a bakery specializing in dog treats in their various locations using Three Dog Bakery's licensed marks, proprietary recipes, and business system.

Plaintiff alleges breach of contract, violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450 et seq., and violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836. The claims in all cases are based on substantially similar alleged actions by Defendants. The

Defendants all allege identical counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Plaintiff.

Now before the Court are Defendants' identical motions to consolidate these cases with a related case, *Three Dog Bakery, LLC, v. Crit, Inc., et al.*, No. 25-cv-217-DGK (W.D. Mo. March 28, 2025). *See Three Dog Bakery, LLC, v. J.L.E.T. Enterprises SWF, LLC, et al.*, No. 4:25-cv-442-DGK, ECF No. 34; *Three Dog Bakery, LLC, v. J.L.E.T. Enterprises, LLC, et al.*, No. 4:25-cv-504-DGK, ECF No. 28; *Three Dog Bakery, LLC, v. Paws on the Pavement, LLC, et al.*, No. 4:25-cv-505-DGK, ECF No. 24; *Three Dog Bakery, LLC, v. K2Peach, Inc., et al.*, No. 4:25-cv-508-DGK, ECF No. 26. Plaintiff opposes the motions.

When cases "involve a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). If a common question exists, the Court then balances "the convenience and economy in the administration of actions achieved through consolidation against the danger of inefficiency, inconvenience, or unfair prejudice to a party." *Keil v. Bearden*, No. 18-06074-CV-SJ-BP, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021) (internal quotation marks omitted). Consolidation is favored "when two cases involve 'common parties, overlapping legal issues, and related factual scenarios.'" *Keil*, 2021 WL 77088479, at *1 (quoting *Horizon Asset Mgmt. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009)).

The Court holds that the cases should be consolidated at this stage for the purposes of discovery and pretrial only. The Court reserves judgment on consolidation for trial once the record is more developed. There is significant legal and factual overlap in all these cases.

2

Plaintiff alleges that each Defendant violated its franchise agreement by continuing to operate a pet bakery contrary to the agreement's non-compete provision, failing to pay royalties, continuing to use Three Dog Bakery's licensed marks, continuing to use confidential information, and refusing to return the Three Dog Bakery Operating Manual for Bakeries. Plaintiff accordingly asserts claims of breach of contract and violation of the Missouri Uniform Trade Secrets Act against all Defendants, and violation of the Defend Trade Secrets Act against all Defendants but Crit. Thus, with the exception of Crit's counterclaim under the Arkansas Franchise Act and the lack of a Defend Trade Secrets Act claim against Crit, the legal claims and counterclaims with respect to all parties are identical. These cases will therefore have significant overlap in discovery, evidence, and witnesses. Given this significant factual, legal, and evidentiary overlap, the Court finds consolidating the cases for discovery and pretrial will reduce costs for the parties and save the parties and the Court an immense amount of time.

Plaintiff argues that the cases should not be consolidated because "individual issues predominate" in the five cases. 25-cv-508-DGK, ECF No. 30 at 1. Plaintiff also argues consolidation will not promote judicial economy but will rather lead to delay, added expense, confusion, and prejudice to Plaintiff. These arguments with respect to discovery and pretrial are unpersuasive. While it is true that there are multiple unrelated franchisees who have allegedly violated their franchise agreements at their own stores, the core violations, as noted above, are "related factual scenarios."

The separate franchise agreements at play in the various cases are not substantially different for the purposes of the present claims and counterclaims, and Plaintiff asserts no difference at all, other than that they bear different dates. Further, because the cases are following the same pattern

3

Case 4:25-cv-00508-DGK   Document 32   Filed 12/08/25   Page 3 of 5

of law and fact thus far, consolidation will undoubtedly speed up the process for all involved and facilitate consistency in the Court's rulings. Finally, the common allegations, common contract provisions, and near-identical claims and counterclaims give these cases the common questions of law that make consolidation for discovery and pretrial appropriate. All Defendants are represented by the same counsel, so if they proceed individually, discovery and motion practice would likely be the same across all cases. All parties and the Court will benefit from the streamlined process of discovery and depositions. Case management will be less confusing, not more.

As to potential prejudice to Plaintiff, the Court finds that for purposes of discovery and pretrial, consolidation will not prejudice Plaintiff and, if anything, will work to Plaintiff's benefit when it comes to potential depositions under Federal Rule of Civil Procedure 30(b)(6), as consolidation of the cases will require Defendants to consolidate their deposition of Plaintiff. Defendants' counsel will not have multiple chances to depose Plaintiff for each individual Defendant over multiple days.

Plaintiff's arguments against consolation for trial, however, are more compelling at this stage. The commonality of law and similarity of facts, which weigh in favor of consolidation for discovery, may weigh against consolidation for trial because of the potential for confusion to the jury and prejudice to Plaintiff. In any case, the Court cannot assess the potential prejudice to Plaintiff from consolidation for trial on the current record. Thus, the Court will not consolidate the cases for trial at this time

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motions to consolidate. The Court ORDERS that *Three Dog Bakery, LLC, v.*

4

Case 4:25-cv-00508-DGK    Document 32    Filed 12/08/25    Page 4 of 5

*J.L.E.T. Enterprises SWF, LLC, et al.*, No. 4:25-cv-442-DGK; *Three Dog Bakery, LLC, v. J.L.E.T. Enterprises, LLC, et al.*, No. 4:25-cv-504-DGK; *Three Dog Bakery, LLC, v. Paws on the Pavement, LLC, et al.*, No. 4:25-cv-505-DGK; and *Three Dog Bakery, LLC, v. K2Peach, Inc., et al.*, No. 4:25-cv-508-DGK are consolidated with *Three Dog Bakery, LLC, v. Crit, Inc., et al.*, No. 25-cv-217-DGK (W.D. Mo. March 28, 2025) for discovery and pretrial only. All future filings in the above-listed cases shall be filed in Case No. 25-cv-217-DGK only. The Court also ORDERS the parties to file a single proposed scheduling order by January 8, 2026.

**IT IS SO ORDERED.**

Dated: <u>December 8, 2025</u>      <u> /s/ Greg Kays                    </u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT